FILED IN CLERK'S OFFICE
U S D C  Atlanta

APR 1 2 2007

JAMES N HATTEN Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SELEX COMMUNICATIONS, INC. <br><br> a Delaware Corporation <br><br> Plaintiff, <br><br> v. <br><br> JAJAH, INC. <br><br> Defendant. | Civil Action No. 07 CV 0813 <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Selex Communications, Inc. ("Selex") for its complaint against defendant Jajah, Inc, ("Jajah") alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Selex is a corporation organized and existing under the laws of the State of Delaware having a principal place of business located at 680 Johnson Ferry Road, Suite 140-300, Atlanta, GA 30342.

2. On information and belief, Jajah is a corporation organized and existing under the laws of the State of Delaware, having a place of business located at 2513 Charleston Road, Suite 102, Mountain View, CA 94043.

3. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this judicial district under 28 U.S.C. § 1400(b).

## THE PATENT

4. On October 23, 2001, United States Letters Patent No. 6,308,070 (the "070 Patent") entitled "Method and Apparatus of Minimizing Incurred Charges by the Remote Origination of Telephone Calls" was duly and legally issued to Selex by the United States Patent and Trademark Office. A true and correct copy of the 070 patent is attached as Exhibit A to this complaint.

5. At all relevant times, Selex has owned all right, title and interest in and to the 070 patent, including the right to collect for past damages.

## INFRINGEMENT

6. The allegations contained in paragraphs 1-5 above are incorporated herein by reference as if set forth in full.

7. On information and belief, without license or authorization do so, Jajah has been and is infringing one or more claims of the 070 patent in the United States by making, using, selling, and offering for sale in the United States, including within this judicial district, certain software modifications and/or downloads to mobile telephones handsets which embody the inventions defined by one or more of claims the 070 patent and that are used to carry out the methods defined by one or more of claims of the 070 patent.

8. On information and belief, without license or authorization, Jajah has been and is inducing others to directly infringe the 070 Patent in the United States including within this judicial district.

9. On information and belief, without license or authorization, Jajah has been and is contributorily infringing the 070 Patent in the United States including within this judicial district.

10. In a letter to Mr. Roman Scharf of Jajah dated November 10, 2006, Mr. Peter Roach, President of Selex, provided notice to Jajah of the existence of 070 patent. The November 10th letter also included an offer to license or sell the patent to Jajah. A copy of that letter is attached as Exhibit B. That letter was ignored by Jajah as Mr. Roach has never received a response to that letter. Accordingly, on information and belief, Jajah has known of the 070 patent's

3

existence since at least as early as November 2006. On information and belief, Jajah's acts of infringement as set out above have been deliberate and willful, and in reckless disregard of Selex's patent rights.

11. Selex has been damaged by the infringing activities of Jajah.

12. On information and belief, Jajah will continue its infringing activities, and continue to damage Selex, unless enjoined by this Court. Selex has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Selex requests that this Court enter a final judgment:

a.  holding that Jajah has infringed the 070 patent under 35 U.S.C. § 271;

b.  awarding damages adequate to compensate Selex for the infringement of the 070 patent by Jajah, together with prejudgment and post-judgment interest and costs as fixed by the Court as provided by 35 U.S.C. § 284;

d.  finding that infringement has been willful and awarding treble damages as provided by 35 U.S.C. § 284;

e.  finding that this is an exceptional case and awarding to plaintiffs of their reasonable attorneys' fees incurred in prosecuting this action as provided by 35 U.S.C. § 285;

f.  permanently enjoining Jajah, and its affiliates, and officers, agents, employees, attorneys, and all other persons in active concert or participation with it, from further infringement of the 070 patent during its term as provided by 35 U.S.C. § 283; and

g.  such other and further relief as the Court deems just and proper.

Dated: April 11, 2007                By: *(signature)*

Christopher M. Arena
Georgia Bar No. 887755
Woodcock Washburn, LLP
2002 Summit Blvd. Suite 800
Atlanta, GA 30319-6400
(404) 459-5644
(404) 459-4217 (fax)

Dale M. Heist
Woodcock Washburn LLP
Cira Center
2929 Arch Street, 12th Floor
Philadelphia, PA 19104-2891
(215) 568-3100
(215) 568-3439 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SELEX COMMUNICATIONS, INC. <br><br> a Delaware Corporation <br><br> Plaintiff, <br><br> v. <br><br> JAJAH, INC. <br><br> Defendant. | Civil Action No.: _____ <br><br><br> JURY TRIAL DEMANDED |

NOTICE OF FILING ELECTRONIC MEDIA

Please take notice that Selex Communications, Inc. has filed the following document on either a 3.5" disk or CD ROM:

**Complaint: Selex Communications, Inc., Plaintiff, v. Jajah, Inc., Defendant.**

Dated: April 11, 2007

Respectfully submitted,

By: _____
Christopher M. Arena
Georgia Bar No. 887755
Attorney for Plaintiff, Selex
Communications, Inc.
Woodcock Washburn, LLP
2002 Summit Blvd., Suite 800
Atlanta, GA 30319-6400
(404) 459-5644
(404) 459-4217 (fax)

1