IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| SELEX COMMUNICATIONS, INC. | ) | |
| a Delaware Corporation | ) | Civil Case No.: 1:07-cv-00813-TWT |
| Plaintiff, | ) | |
|  | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| JAJAH, INC. | ) | |
| Defendant. | ) | |

## DEFENDANT JAJAH, INC'S ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND JURY DEMAND

Defendant Jajah, Inc. ("Jajah") hereby responds to the allegations and averments in Plaintiff Selex Communications, Inc's ("Selex") Complaint as follows:

### PARTIES AND JURISDICTION AND VENUE

1. Jajah admits the allegations of paragraph 1 of the Complaint.

2. Jajah admits the allegations of paragraph 2 of the Complaint.

3. Jajah admits the Complaint purports to set forth a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Jajah admits this Court has subject matter jurisdiction

over such claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). Jajah admits the venue is proper in this judicial district under 28 U.S.C. § 1400(b).

## THE PATENT

4. Jajah admits that United States Patent 6,308,070 (the "'070 patent") entitled "Method and Apparatus of Minimizing Incurred Charges by the Remote Origination of Telephone Calls," which is attached as Exhibit A to the Complaint, appears to have issued from the USPTO on October 23, 2001. Jajah is without sufficient knowledge or information to form a belief as to the truth of allegation that the '070 patent was duly and legally issued to Selex by the USPTO, and on that basis denies the same.

5. Jajah is without knowledge or information sufficient to form a belief as to the truth of the allegations that Selex, at all relevant times, has owned all right, title and interest in and to the '070 patent, including the right to collect for past damages, and on that basis denies such allegations.

## CLAIMS

6. Jajah incorporates its preceding responses to the allegations of paragraphs 1-5 of the Complaint.

7. Jajah denies the allegations of paragraph 7 of the Complaint.

8. Jajah denies the allegations of paragraph 8 of the Complaint.

9. Jajah denies the allegations of paragraph 9 of the Complaint.

10. Jajah admits that it received a letter sent to Mr. Roman Scharf from Mr. Peter Roach, dated November 10, 2006, identifying the '070 patent. Jajah admits that the November 10, 2006 letter stated Selex was interested in pursuing licensing or sale discussions for the '070 patent. Jajah admits that a copy of that letter is attached as Exhibit B to the Complaint. Jajah denies that the November 10 letter was ignored by Jajah. Jajah denies the remaining allegations in paragraph 10 of the Complaint.

11. Jajah denies the allegations in paragraph 11 of the Complaint.

12. Jajah denies the allegations in paragraph 12 of the Complaint.

## GENERAL DENIAL

All allegations contained in the Complaint not expressly admitted are herein denied.

## AFFIRMATIVE DEFENSES

1. Upon information and belief, the claims of the '070 patent are invalid for failure to satisfy one or more of the conditions of patentability of 35 U.S.C. §1 et seq., including without limitation §§ 101, 102, 103, and/or 112.

2. Upon information and belief, Selex's remedies are limited by 35 U.S.C. § 287.

3. Upon information and belief, Selex is barred by 35 U.S.C. § 288 from recovering any costs associated with this suit.

4. Jajah reserves the right to assert additional affirmative defenses, as a result of discovery that may occur in this action.

## COUNTERCLAIMS

Jajah counterclaims against Plaintiff Selex as follows:

1. Counterclaim Plaintiff Jajah is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located at 2513 Charleston Road, Suite 102, Mountain View, California.

2. On information and belief, Counterclaim Defendant Selex is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located at 680 Johnson Ferry Rd, Suite 140-300, Atlanta, Georgia  30342.

3. This Court has subject matter jurisdiction over these counterclaims pursuant to U.S.C. §§ 1331, 1338, and 2201, as they arise under an Act of Congress relating to patents.

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT FOR INVALIDITY AND NON-INFRINGEMENT OF THE '070 PATENT

5. Jajah repeats and realleges the allegations in paragraphs 1-4 of its counterclaims.

6. This declaratory judgment counterclaim is asserted against Selex under the patent laws, Title 35, United States Code and under Title 28, United States Code, §§ 2201 and 1338(a).

7. Selex has averred that the '070 patent was duly and legally issued to Selex and that at all relevant times, it has owned all right, title and interest in and to the '070 patent, including the right to collect for past damages, and Jajah infringes the '070 patent.

8. Jajah denies that, either directly, contributorily, or by inducement, it has infringed, or that it is infringing, any valid claim of the '070 patent.

9. On information and belief, Jajah asserts that the '070 patent is invalid for failing to satisfy the conditions for patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and 112.

10. Therefore, there has been and is now an actual controversy between Jajah and Selex as to the invalidity and non-infringement of the '070 patent.

11. Jajah desires a judicial determination of the respective rights and duties of the parties herein in accordance with Jajah's foregoing contentions. Such

5

a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

## DEMAND FOR JURY

Jajah requests a jury to hear its counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Jajah prays that this Court:

a) Dismiss the Complaint of Selex against Jajah with prejudice;

b) Declare that Jajah has not and does not infringe any valid claim of the '070 patent, directly or indirectly, literally or by equivalents;

c) Declare that each claim of the '070 patent is invalid;

d) Enjoin Selex, their officers, agents, representatives, distributors, employees, affiliates, parent and subsidiary corporations, attorneys, and other person(s) in active concert or participation with them from charging infringement or instituting any action for infringement of the '070 patent against Jajah or anyone in privity with Jajah, including its successors, assigns, suppliers, customers, licensees, and sublicensees;

e) Award Jajah costs, together with reasonable attorneys' fees and all other expenses for this suit because this case is exceptional under 35 U.S.C. § 285; and

f)   Award Jajah such other relief as this Court may deem just and proper.

Dated: June 20, 2007                    Respectfully submitted,


<u>s/ Jessica E. Neyman</u>
Benjamin F. Easterlin IV
Georgia Bar No. 237650
Jessica E. Neyman
Georgia Bar No. 141396
1180 Peachtree Street N.E.
Atlanta, Georgia 30309-3521
(404) 572 - 2430
(404) 572 - 5140

James C. Yoon*
S. Michael Song*
Wilson Sonsini Goodrich & Rosati, P.C.
650 Page Mill Road
Palo Alto, California  94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 493-6811

* Admitted *pro hac vice*

Counsel for Defendant Jajah, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2007, I electronically filed the foregoing DEFENDANT JAJAH, INC'S ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND JURY DEMAND with the Clerk of Court using the CM/ECF system. I have also caused a copy of the foregoing DEFENDANT JAJAH, INC'S ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND JURY DEMAND to be placed in the United States mail, postage pre-paid, addressed to the following recipient:

Christopher M. Arena
Woodcock Washburn LLP
2002 Summit Blvd., Suite 800
Atlanta, Georgia 30319-6400
(404) 459-5644

Attorney for Plaintiff,
Selex Communications, Inc.

*s/ Jessica E. Neyman*
Jessica E. Neyman
Georgia Bar No. 141396