# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| SELEX COMMUNICATIONS, INC., | : | |
|     a Delaware Corporation, | : | |
|     Plaintiff, | : | Civil Action No. 1:07-cv-0813-TWT |
| vs. | : | |
| JAJAH, INC., | : | |
|     Delaware Corporation, | : | |
|     Defendant. | : | |

## DEFENDANT'S INITIAL DISCLOSURES

Pursuant to Rule 26(e)(1) Defendant Jajah, Inc., ("Jajah") hereby serves these supplemental Initial Disclosures.

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response:

Defendant Jajah, Inc., ("Jajah") is correctly identified.

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention:

At present, Jajah is unaware of any additional parties necessary to this action. Jajah will supplement this Initial Disclosure if necessary.

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading:

At present, Jajah lacks sufficient information to provide a detailed factual basis for its defenses until the plaintiff identifies the nature and basis of its claims with more particularity. Jajah will supplement this Initial Disclosure when, and if, plaintiff provides sufficient information for Jajah to respond.

(4)    Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action:

This is an action for patent infringement. Title 35, United States Code, and the case law from the United States Supreme Court and Court of Appeals for the Federal Circuit interpreting Title 35, United States Code, are applicable to this action. Additionally, the rules and regulations of the United States Patent and Trademark Office are applicable to questions of invalidity in this action.

The primary statutes that apply to this action are the patent statutes, 35 U.S.C. § *et seq*., 37 C.F.R. § 1.1 *et seq*., and the *Manual of Patent Examining Procedure*. The relevant cases include *KSR Intern. Co. v. Teleflex Inc.,* 127 S. Ct. 1727 (2007), *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmBH v. Dana Corp.*, 383 F.3d 1337 (Fed. Cir. 2004)(en banc), *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995), aff'd 116 S. Ct. 1384 (1996), *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005); *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576 (Fed. Cir. 1996).

(5)    Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information: (Attach witness list to Initial Disclosures as Attachment A.)

See Supplemental Attachment "A." Jajah will supplement its response it accordance with Local and Federal Rules.

(6)    Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule: (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

Because plaintiff has failed to provide sufficient information regarding the nature and basis of its claims, Jajah is not yet prepared to identify its Fed. R. Evid. 702, 703, or 705 witnesses and/or testifying expert witness at this time. Jajah will supplement this Initial Disclosure in accordance with Rule 26.

(7)     Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

See Attachment "C." Jajah will supplement its response it accordance with Local and Federal Rules.

(8)     In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P.34: (Attached any copies and descriptions to Initial Disclosures as Attachment D.)

At this stage of the litigation, Jajah has not prepared any computation of damages.

(9)     If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability:

At present, Jajah is investigating which persons or legal entities may owe an indemnity obligation to Jajah. Jajah will supplement this disclosure when it is able to identify which persons or legal entities, if any, may owe an indemnity obligation to Jajah.

10)     Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

At present, Jajah is unaware of any such insurance agreements. Jajah will supplement this Initial Disclosure when, and if, any such agreements become known.

Dated: July 20, 2007

By: /s/ Dayton K. Stout

Benjamin F. Easterlin IV
Georgia Bar No. 237650
Dayton K. Stout
Georgia Bar No. 141722
King & Spalding LLP
1180 Peachtree Street N.E.
Atlanta, Georgia 30309-3521
(404) 572 - 2430
(404) 572 - 5140

James C. Yoon
S. Michael Song
Wilson Sonsini Goodrich & Rosati, P.C.
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

Attorneys for Defendant Jajah, Inc.

## ATTACHMENT "A" TO DEFENDANT'S INITIAL DISCLOSURES

| NAME AND, IF KNOWN, ADDRESS AND TELEPHONE NUMBER | SUBJECT OF INFORMATION |
|---|---|
| Maurice Scott Laster<br>Atlanta, GA | Conception, reduction to practice, and subsequent development of the subject matter disclosed and/or claimed in U.S. Pat. No. 6,308,070 ("the '070 patent"); prosecution of the application that became the '070 patent |
| Arthur Gardner<br>Gardner, Groff, Greenwald & Villanueva, P.C.<br>2018 Powers Ferry Road<br>Parkwood Point, Suite 800<br>Atlanta, GA 30339 | Prosecution of the application that became the '070 patent |
| Peter Roach<br>Selex Communications, Inc.<br>680 Johnson Ferry Rd.<br>Suite 140-300<br>Atlanta, GA 30342 | Marketing, sales and distribution of Selex products using the subject matter of the '070 patent; licensing of the 070 patent |
| Trevor Healy*<br>JAJAH Inc.<br>2513 Charleston Road<br>Suite 102<br>Mountain View, CA 94043 | Marketing of Jajah products |
| Amichay Oren*<br>JAJAH Inc.<br>9 Ha'tasiya Street<br>Ra'anana, Israel | Operation of Jajah products |
| Michel Veys*<br>JAJAH Inc.<br>2513 Charleston Road<br>Suite 102<br>Mountain View, CA 94043 | Sale and distribution of Jajah products |

| NAME AND, IF KNOWN, ADDRESS AND TELEPHONE NUMBER | SUBJECT OF INFORMATION |
|---|---|
| Jeff Baeth*<br>JAJAH Inc.<br>2513 Charleston Road<br>Suite 102<br>Mountain View, CA 94043 | Marketing of Jajah products and financial operations of Jajah |

Please contact all individuals marked with an asterisk (*) through Jajah's counsel.

## ATTACHMENT "C" TO DEFENDANT'S INITIAL DISCLOSURES

The following categories of documents are in the possession, custody, or control of Jajah or its counsel.

- Documents relating to the design, research and development of Jajah's products
- Technical documents relating to the operation of Jajah's products
- Documents relating to the sale and distribution of Jajah's products
- Documents relating to the marketing of Jajah's products
- Communications between Jajah and Selex Communications
- Prior art to the patent-in-suit and related documentation

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July 2007, I electronically filed true and correct copies of **DEFENDANT JAJAH'S INITIAL DISCLOSURES** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Christopher M. Arena
Woodcock Washburn LLP
2002 Summit Blvd., Suite 800
Atlanta, Georgia 30319-6400

Attorney for Plaintiff,
Selex Communications, Inc.

Dated: July 20, 2007					By: /s/ Dayton K. Stout

Benjamin F. Easterlin IV
Georgia Bar No. 237650
Dayton K. Stout
Georgia Bar No. 141722
King & Spalding LLP
1180 Peachtree Street N.E.
Atlanta, Georgia 30309-3521
(404) 572 - 2430
(404) 572 - 5140

Attorney for Defendant Jajah, Inc.