# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SELEX COMMUNICATIONS, INC. )<br><br>a Delaware Corporation )<br><br>Plaintiff, )<br><br>v. )<br><br>JAJAH, INC. )<br><br>Defendant. ) | Civil Action No.: 1:07-cv-00813-TWT<br><br><br><br><br><br>PROPOSED JOINT PRELIMINARY REPORT AND DISCOVERY |

**Proposed Joint Preliminary Report and Discovery Plan**

**1.    Description of Case:**

 **(a) Describe briefly the nature of this action.**

   This is an action for patent infringement arising under the patent laws of the United States, Title 35, United Stated Code.

 **(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

   This is a case for patent infringement. Selex's complaint refers to U.S. Pat. No. 6,308,070 (the "070 patent"). Plaintiff, Selex Communications, Inc. ("Selex"), represents that it is the owner of the 070 patent.

   Selex contends that Defendant Jajah, Inc. ("Jajah") has and continues to infringe the 070 patent directly and/or indirectly by making, using, selling, or offering for sale certain software modifications and/or downloads to mobile phone handsets. Selex further contends that it notified Jajah of the existence of the 070 patent in a letter to Jajah dated November 10, 2006.

-1-

In its answer, Jajah denies that it directly or indirectly infringed or infringes the 070 patent and further contends that the 070 patent is invalid. In addition, Jajah has filed counterclaims, including counterclaims for declaratory judgment of non-infringement and invalidity of the 070 patent.

**(c) The legal issues to be tried are as follows:**

1. Whether Defendant has infringed and/or continues to infringe, directly or indirectly, any valid claim of the 070 patent.
2. Whether the 070 patent is invalid.
3. The proper amount of damages to be awarded to Plaintiff in the event that the Defendant is found to infringe one or more claims of the 070 patent.
4. Whether Defendant's infringement, if any, of one or more claims of the 070 patent was willful.

**(d) The cases listed below (include both style and action number) are:**

(1) Pending Related Cases:

None.

(2) Previously Adjudicated Related Cases:

None.

**2.    This case is complex because it possesses one (1) or more of the features listed below (please check):**

    \_\_\_\_\_ (1.) Unusually large number of parties
    \_\_\_\_\_ (2.) Unusually large number of claims or defenses
    \_\_\_\_\_ (3.) Factual issues are exceptionally complex
    \_\_\_\_\_ (4.) Greater than normal volume of evidence
    \_\_\_\_\_ (5.) Extended discovery period is needed
    \_\_\_\_\_ (6.) Problems locating or preserving evidence
    \_\_\_\_\_ (7.) Pending parallel investigations or action by government
    XXX (8.) Multiple use of experts
    XXX (9.) Need for discovery outside United States boundaries
    XXX (10.) Existence of highly technical issues and proof

3. **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:

>Dale M. Heist,
>Woodcock Washburn LLP
>Cira Centre, 12th Floor
>2929 Arch Street
>Philadelphia, PA 19104
>(215) 564-8939

Defendant:

>James C. Yoon,
>Wilson Sonsini Goodrich & Rosati
>650 Page Mill Road
>Palo Alto, CA 94304
>(650) 493-9300

4. **Jurisdiction:**

Is there any question regarding this court's jurisdiction?

\_\_\_\_\_Yes   XXXX No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

   **(a) The following persons are necessary parties who have not been joined**:

   None.

   **(b) The following persons are improperly joined as parties:**

   None.

**(c). The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

**(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.    Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

**(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:**

None – The parties reserve, however, the right to amend their pleadings, particularly those that need a Federal Rule of Civil Procedure 9 basis for pleading and which basis may be determined during discovery.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.    Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within twenty (20) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions:* Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.    Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.**

None.

**9.    Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Yes, subject to the Court's calendar, the parties request August 8 or 9, 2007 for a scheduling conference.

**10. Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)months discovery period. A chart showing the assignment of cases to a discovery track

by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed**:

Plaintiff:  Selex will need discovery in the following areas: Patent infringement (including but not limited to the operation of Jajah's products and services that relate to the 070 patent), patent damages (sales figures of Jajah's products and services that relate to the 070 patent), and the basis for Defendant's invalidity defenses.

Defendant:

1. Selex's conception, reduction to practice, design and development of the subject matter of the 070 patent.

2. The drafting, filing and prosecution of the patent application that issued as the 070 patent and related patents.

3. Selex's sales, offers to sell and public disclosure of the subject matter of the 070 patent.

4. Selex's marketing and sales of any subject matter of the 070 patent.

5. Prior art that is relevant to this case, including prior art that may be in the possession of third parties.

**If the parties anticipate that additional time beyond that allowed by the**

**assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

    None.

**11. Discovery Limitation:**

    **What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

    **The parties agree to the following**:

    10 fact depositions per side (excluding expert and Rule 30(b)(6) depositions); Defendant shall be allowed 14 total hours for the deposition of the named inventor of the 070 patent, which shall count as one fact deposition.

    21 total hours of Rule 30(b)(6) testimony for each side.

    Each expert may be deposed for two consecutive days for no more than a total of 14 hours.

    Service of discovery, motions, and pleadings via email to the other party by 3:00pm Pacific shall count as hand service under FRCP 5(b)(2)(A).

**12.    Other Orders**:

    **What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

    The parties request that the Court set a date for a *Markman* hearing to construe the claims of the 070 patent.

    The parties are also in the process of preparing a proposed consent protective order

and will submit the proposed order to the Court upon its completion.

**13.    Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on July 5, 2007 and that the parties participated in settlement discussions. Persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature):  /s/ Dale M. Heist

       Other participants: Peter Roach

For defendant: Lead counsel (signature): /s/ James C. Yoon

       Other participants: Trevor Healy

For clarification of the above, counsel for the parties conducted a Rule 26(f) conference on July 5, 2007.  Mr. Roach and Mr. Healy, independent of counsel, participated in settlement discussions with each other on various dates.

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

    (_____)  A possibility of settlement before discovery.
    (XXXX)   A possibility of settlement after discovery.
    (_____)  A possibility of settlement, but a conference with the judge is needed.
    (_____) No possibility of settlement.

(c) Counsel(X) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is <u>undetermined</u>.

(d) The following specific problems have created a hindrance to settlement of this case.

14. **Trial by Magistrate Judge**:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20_____

(b) The parties (XXXX) do not consent to having this case tried before a magistrate judge of this court.

*/s/Christopher M. Arena*
Christopher M. Arena
Georgia Bar No. 887755
Woodcock Washburn, LLP
2002 Summit Blvd. Suite 800
Atlanta, GA 30319-6400
Tel: (404) 459-5644
Fax: (404) 459-4217
Counsel for Plaintiff

*/s/ Benjamin F. Easterlin IV*
Benjamin F. Easterlin IV
Georgia Bar No. 237650
1180 Peachtree Street N.E.
Atlanta, Georgia 30309-3521
Tel: (404) 572-2430

Fax: (404) 572-5140
Counsel for Defendant

-10-

## Certificate of Service

I hereby certify that on July 20, 2007, I electronically filed the foregoing PROPOSED JOINT PRELIMINARY PLAN AND DISCOVERY PLAN with the Clerk of Court using the CM/ECF system. In addition, a copy was served by electronic copy and electronic mail on:

>Jessica E. Neyman, Esquire
>King & Spalding, LLP-Atlanta
>1180 Peachtree Street, NE
>Atlanta, GA 30309-3521
>(404) 572-2430
>(404) 572-5140 (fax)
>jneyman@kslaw.com
>and
>Seungtaik Michael Song, Esquire
>Wilson Sonsini Goodrich & Rosati
>650 Page Mill Road
>Two Palo Alto Square
>Palo Alto, CA 94304
>(650) 493-9300
>(650) 493-6811 (fax)
>MSong@wsgr.com

Counsel for Defendant, Jajah, Inc.

>s/ *Christopher M. Arena*
>Christopher M. Arena
>Georgia Bar No. 887755
>Woodcock Washburn, LLP
>Counsel for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SELEX COMMUNICATIONS, INC.<br><br>a Delaware Corporation<br><br>Plaintiff,<br><br>v.<br><br>JAJAH, INC.<br><br>Defendant. | Civil Action No.: 1:07-cv-00813-TWT<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified,

**IT IS SO ORDERED, this           day of          , 20**

_____
**UNITED STATES DISTRICT JUDGE**