IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **SELEX COMMUNICATIONS, INC.** a Delaware Corporation<br><br>Plaintiff,<br><br>v.<br><br>**JAJAH, INC.**<br><br>Defendant. | Civil Action No.: 1:07-cv-00813-TWT<br><br><br><br>**PROPOSED STIPULATED PROTECTIVE ORDER** |

**PROPOSED STIPULATED PROTECTIVE ORDER**

The parties agree to be bound by the terms of this Stipulated Protective Order until such time as the Court has entered it as an order or has specifically ruled that it shall not be entered or shall be modified.

By agreement of the parties, and for good cause, the Court finds that a protective order should be entered pursuant to Federal Rule of Civil Procedure Rule 26 for the purpose of protecting commercial and confidential information of the parties, as follows:

**IT IS HEREBY ORDERED THAT:**

1.      Whenever counsel for any party or third party to whom discovery is directed (referred to hereinafter as "party" or "parties") represents that documents, things, or information provided during the course of this litigation (including, without limitation, during depositions

1

and in response to subpoenas, subpoenas duces tecum, interrogatories, document requests, and requests for admissions) contain, include, or constitute confidential information of that party, each such document, each copy thereof, each such thing, and all such information that is designated by said party as containing or constituting confidential material shall, if in writing, be stamped or marked "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "CONFIDENTIAL" (collectively "Confidential Material").  Confidential Material produced on any computer-related media may be designated as Confidential Material by a producing party and any hard copy or printout shall be stamped or marked as Confidential Material by the receiving party.  The designation or non-designation of material as Confidential Material does not alter or enhance the nature of that Confidential Material or its confidentiality or non-confidentiality or create a presumption of confidentiality or non-confidentiality.

2.     Absent a contrary designation at a deposition, only persons who are qualified recipients under the "CONFIDENTIAL" designation as defined below shall have access to information disclosed at a deposition until ten (10) calendar days following receipt of the deposition transcript by the deposing party.  Parties (and deponents) may, at any time during a deposition, or within ten (10) calendar days following receipt of a deposition transcript, designate portions as Confidential Material.  Confidential Material within the deposition transcript shall be designated by marking pages containing such information with the legend: "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "CONFIDENTIAL." Although all counsel of record may take, defend, or attend any deposition in this action, counsel of record will not use prosecution counsel to take or defend a deposition where the testimony is likely to involve information that the opponent will designate "HIGHLY CONFIDENTIAL

OUTSIDE COUNSEL ONLY." Patent prosecution counsel may be excused by opposing counsel from any portion of a deposition in which information falling into the category of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" is sought or is likely to be disclosed.

     3.     All Confidential Material produced under this Protective Order is to be used solely for the purpose of this action as set forth in this Protective Order and for no other purpose, and using any of the opponent's Confidential Material to prosecute patents or draft patent claims is strictly prohibited. "Confidential Material" includes, but is not limited to:

    (a)    proprietary technical information and specifications;

    (b)    trade secrets as defined under the Uniform Trade Secrets Act, national, state, local law, or other applicable case law;

    (c)    confidential know-how;

    (d)    proprietary business and financial information, including information about sales, costs and profits, existing and potential customers and licensees, marketing studies, performance and projections, business strategies, personnel compensation, evaluations, and other employment information;

    (e)    confidential and proprietary information about affiliates, parents, subsidiaries and third parties with whom the parties to this action have, or have had, business relationships; and

    (f)    any other non-public information that the producing party would normally not reveal to third parties, or, if disclosed, would require third-parties to maintain in confidence.

4. Material designated as "CONFIDENTIAL," copies thereof, summaries thereof, and the information contained therein, shall be made available only to, disclosed only to, or inspected only by:

(a) the receiving party's outside counsel of record in this action and the partners, associates, secretaries, paralegal assistants, employees, or outside copy or graphics services, whose duties and responsibilities require access to Confidential Material;

(b) qualified court reporters, court interpreters, and translators taking testimony in the above-captioned proceeding, and their necessary stenographic, videographic and clerical personnel thereof, who have first signed the Declaration of Protective Order in the form attached hereto as Appendix A, a copy of which shall be provided to the opposing party;

(c) in accordance with the provisions of Paragraph 6 below, independent experts and consultants retained for consultation, or for testimony, in this litigation and their legal and clerical staff, but such independent experts may only receive Confidential Material that relates to the expert's area of consultation or expected area of testimony;

(d) authors and original and copy addressees of such Confidential Material, and any person to whom the parties agree in writing;

(e) The Court and members of the staff of the Court whose functions necessitate access to Confidential Material; and

    (f)    the following designated persons from each party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action:

        (i)    For Selex: Peter Roach.

        (ii)    For Jajah: Jeffrey Baeth.

The above designations may be changed by consent of the opposing party or by Court order.

5. In addition to foregoing provisions, the parties shall have the right to designate documents that are reasonably deemed by the producing party to contain or concern source code, confidential research and development information, technical competitive product information, any information that could reasonably be used by a patent prosecutor to prepare or prosecute patent applications or to draft claims, certain highly sensitive financial information, marketing plans and forecasts, business plans and customer lists as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY." Such documents designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" are to be used solely for the purpose of this action and for no other purpose. Material designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," copies thereof, summaries thereof, and the information contained therein, shall be made available only to, disclosed only to, or inspected only by persons listed in paragraphs 4 (a)-(e).

6. Before an expert consultant is afforded access to another party's Confidential Material, the following shall be furnished to all parties: (1) a current résumé or curriculum vitae (including employment history) of the expert (2) an identification of each person or entity from whom the expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (3) an identification (by name and number of the case, filing date, and location of court) of any

litigation in connection with which the expert has provided any professional services during the preceding five years. The parties shall be allowed to disclose Confidential Material to such experts unless, within five (5) business days after the above information and signed Declaration agreeing to be bound by the terms of this Order (Appendix A hereto) has been received by the producing party, the producing party objects to the disclosure of Confidential Material to the particular expert. If the objections are not resolved by the parties, the producing party has fourteen days (two calendar weeks) from the time that the receiving party notifies the producing party that it disagrees with the producing party's objections to raise its objections with the Court. If an objection to an expert is made and the objections are brought to the Court's attention within the previously described fourteen days, the producing party's Confidential Material shall not be provided to the objected-to expert until approval is granted by the Court or the parties resolve the matter. The burden is on the objecting party to demonstrate good cause why Confidential Material may not be shown to the appointed expert. If an objection to an expert is made and the producing party fails to bring the objections before the Court within the previously described fourteen days, the receiving party may show the producing party's Confidential Material to its expert, and the producing party will be deemed to have waived its objections. The producing party will not, however, be deemed to have waived any objection that it did not have actual knowledge of at the time that it failed to raise the objections with the Court.

7.      Notwithstanding any provision of this Order, anyone who receives information designated under this Order by an opposing Party as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" shall be precluded from being substantively involved in any way in preparing or prosecuting (including by way of drafting, editing, revising, and/or providing

substantive input regarding the nature of the claims) any patent applications, reissue proceedings, or reexamination proceedings with the United States Patent and Trademark Office ("USPTO"), or any similar proceedings with any foreign counterpart to the USPTO, if such patents or patent applications have claims directed to the subject matter of the patent-in-suit in this case, namely systems and methods for placing a telephone call using a Remote Telephone Call Origination platform. This bar shall expressly prohibit anyone who has received "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information from providing any information to the parties' patent attorneys designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY." This preclusion is limited to patents and patent applications having an effective filing date before this action, during this action, or within two years after termination of this action.

8. Source code produced by Jajah shall be subject to the following additional procedures:

   (a) Jajah will make an electronic copy of its source code available for inspection on a Standalone Computer in a room at the offices of Wilson Sonsini Goodrich & Rosati in Palo Alto, California.

   (b) With respect to Selex, only the persons identified in Paragraphs 4(a) and 4(c) shall be allowed access to this room to inspect the source code on the Standalone Computer.

   (c) Selex shall not have the right, and agrees not, to copy, transmit, or duplicate Jajah's source code in any manner, including scanning or otherwise creating an electronic image of Jajah's source code, except as follows: A printer shall be attached to the Standalone Computer so that the persons identified in Paragraphs

        4(a) and 4(c) can print hard copies of the portions of the code that they in good faith consider to be relevant. All printed hard copies shall be provided to a paralegal for counsel for Jajah to be conspicuously marked "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," and access to said hard copies shall be restricted to the persons identified in Paragraph 5.

    (d)    In no event shall any Selex employee gain access to, or view, Jajah's source code, including, without limitation, the source code provided on the Standalone Computer and any hard copy created pursuant to Paragraph 8(c).

9.    Source code produced by Selex shall be subject to the following additional procedures:

    (a)    Selex will make an electronic copy of its source code available for inspection on a Standalone Computer in a room at the offices of Woodcock Washburn LLP in Atlanta, Georgia.

    (b)    With respect to Jajah, only the persons identified in Paragraphs 4(a) and 4(c) shall be allowed access to this room to inspect the source code on the Standalone Computer.

    (c)    Jajah shall not have the right, and agrees not, to copy, transmit, or duplicate Selex's source code in any manner, including scanning or otherwise creating an electronic image of Selex's source code, except as follows: A printer shall be attached to the Standalone Computer so that the persons identified in Paragraphs 4(a) and 4(c) can print hard copies of the portions of the code that they in good faith consider to be relevant. All printed hard copies shall be provided to a

           paralegal for counsel for Selex to be conspicuously marked "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," and access to said hard copies shall be restricted to the persons identified in Paragraph 5.

(d)    In no event shall any Jajah employee gain access to, or view, Selex's source code, including, without limitation, the source code provided on the Standalone Computer and any hard copy created pursuant to Paragraph 9(c).

10.    Except for counsel, counsel's employees, counsel's third-party vendors, and the Court, each person in Paragraphs 4-5 above, above who is permitted to have access to Confidential Material under this Protective Order shall read this Protective Order and sign the Declaration attached as Appendix A before being afforded such access.

11.    Subject to the above provisions, Confidential Material, copies thereof, and the information contained therein, shall not be disclosed in any manner by counsel to any other persons, until and unless: (i) counsel for the party asserting confidentiality withdraws its designation; or (ii) the Court orders such disclosure.

(a)    Confidential Material that is filed with the Court shall be filed under seal in accordance with the Court's procedures for such filings. In the absence of specific Court procedures for filing documents under seal, Confidential Material shall be filed or presented in sealed containers bearing the title of this action and the identity of the party to whom the Confidential Material belongs and marked "FILED UNDER SEAL, CONTAINS CONFIDENTIAL MATERIAL UNDER PROTECTIVE ORDER – TO BE OPENED ONLY UPON ORDER OF THE

       COURT." Where practical, only confidential portions of filings with the Court shall be filed under seal.

(b)    The parties will address how confidential material will be used at trial in the pre-trial order.

(c)    If any counsel should conclude that, for the purposes of this action, they need to disclose any Confidential Material to any persons other than those identified in Paragraphs 4-5, they may request that counsel for the party asserting confidentiality grant permission to do so for specified documents. The provisions of this Protective Order may be modified as to specified documents by written agreement between counsel for the parties. If counsel cannot agree as to the disposition of such a request, any of them may apply to the Court for a ruling thereon.

(d)    If Confidential Material is to be used, or referred to, in a deposition or incorporated in a deposition transcript, arrangements with the reporter shall be made by the designating party to bind the portion of the transcript relating or referring to the Confidential Material separately and label it as Confidential and as subject to this Protective Order. During the deposition of any party producing any document designated as confidential, such document may be shown without consent to the author and recipients of that document, any officer, director, agent, or employee of the producing party, and any former officer, director, employee, or agent of the producing party who has prior knowledge of the Confidential Material, subject to the condition that, when such designated document is so used,

        the party who made the designation may notify the reporter that any portions of the deposition pertaining to such designated document is being taken pursuant to this Order.

(e)     Any other discovery based upon Confidential Material or disclosing the contents thereof that is designated as Confidential Material by counsel to the party testifying, any information set forth in (or derived from) said information marked as Confidential Material as set forth above, any pleadings, affidavits or other papers filed with the Court to the extent that they disclose such information or portions thereof, and any summaries or notes including Confidential Material prepared from said information marked as Confidential Material shall be subject to the same restrictions regarding disclosure as such Confidential Material, and, if submitted to the Court, shall be submitted as provided in part (a) of this Paragraph.

12.     The restrictions set forth in any of the preceding paragraphs shall not apply to:

(a)     any information that, after disclosure, becomes available to the public through no act, or failure to act, on behalf of the receiving party, its counsel or independent consultant; or

(b)     any information that the receiving party, its counsel, or independent consultants can show: (i) was already known to the receiving party from legitimate sources; (ii) was independently developed by the receiving party; (iii) was received after the time of disclosure hereunder from a third party having the right to make such disclosure and was not required to be held in confidence; or (iv) was in the public

domain at the time of its disclosure to the receiving party. If any party objects to the classification of any materials as Confidential Material at any time during the pendency of this case, that party shall give written notice of its objection to the other party. After such notice is made, the parties shall confer and in good faith attempt to resolve their differences. A party that elects to press a challenge to a confidentiality designation my file and serve a motion under the Local Rules that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. Any party asserting that the materials are Confidential Material in nature shall have the burden of making such a showing in support of its position. During the time that the Court considers any such request, the materials will continue to be treated as Confidential Material in accordance with this Order. Nothing in this Protective Order shall limit or modify the rights of any party to see the documents that it produces to another party.

13.  This Protective Order is protective in nature only and shall not deprive any party of its right to object to discovery by any other party of materials as to which objection to disclosure is made.

14.  Upon final termination of this litigation, each party or other person subject to the terms hereof shall be under an obligation, within thirty days, to assemble and to return to the

originating source all originals and marked copies of Confidential Material or to destroy, and verify the destruction of, such Confidential Material, and to destroy, if requested, and verify the destruction of all copies of Confidential Material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential Material; provided, however, that counsel may retain complete copies of all pleadings including any exhibits attached thereto filed with the Court, for archival purposes, subject to the provisions of this Protective Order.

15. All documents and things marked as Confidential Material and covered by this Protective Order shall be kept only by those permitted access herein, and in such a manner as to protect against disclosure to those not permitted access to such confidential documents and things.

16. Nothing in this Order shall prevent or otherwise restrict outside counsel of record from rendering advice to their client who is a party to this action and, in the course thereof, relying generally on such counsel's examination of Confidential Material; provided, however, that, in rendering such advice and otherwise communicating with such client, such counsel shall not make specific disclosure of any information or documents so designated except pursuant to the procedures of Paragraphs 3-7.

17. With the exception of source code which must be handled as provided in paragraphs 8 and 9, nothing in this Agreement shall prohibit the transmission or communication of Confidential Material between, or among, qualified recipients by hand-delivery; face-to-face conference; in sealed envelopes or containers via the mails or an established freight, delivery, or messenger service; or by telephone, telegraph, facsimile, or other electronic transmission system

if, under the circumstances, there is not reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient.

18. Confidential Material shall not be copied or otherwise reproduced by a receiving party, except for transmission to qualified recipients, without the written permission of the producing party or by order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests, and analyses of Confidential Material under the terms of this order. Further, nothing herein shall restrict a qualified recipient from converting or translating Confidential Material into machine readable form for incorporation into a data retrieval system used in connection with these actions, provided that access to Confidential Material, in whatever form stored or reproduced, shall be limited to qualified recipients.

19. It is agreed that inadvertent production of documents or information subject to the attorney-client privilege or work product immunity (despite the parties' reasonable efforts to pre-screen such documents and information prior to its production) does not waive the attorney-client privilege or work product immunity if a request for return of such documents or information is made promptly after the producing party learns of its inadvertent production. In addition, the fact that a document or information was inadvertently produced shall not be used in any manner as evidence in support of any such alleged waiver. Upon a request from a party that has inadvertently produced any document that it believes is subject to the attorney-client privilege or attorney work-product doctrine, each party receiving said document shall return it and all copies within three (3) business days to the producing party. Nothing herein shall prevent the receiving party from preparing a record for its own use containing the date, author,

address(es), and topic of the document and such other information as is reasonably necessary to identify the document and describe its nature to the Court in any motion to compel production of the document. Such a record of the identity and nature of a document may not be used for any purpose other than preparation of a motion to compel in this Action. After the return of the document(s), the receiving party may challenge the producing party's claim(s) of privilege or work-product by making a motion to the Court.

20. If a party, through inadvertence, produces any Confidential Material without labeling or otherwise designating it as such in accordance with the provisions of this Order, the producing party may give written notice to the receiving party that the document or thing previously produced, or a portion therein, is deemed Confidential Material and should be treated as such in accordance with the provisions of this Order. The receiving party must treat such documents and things as Confidential Material from the date such notice is received. Disclosure, prior to the receipt of such notice, of such Confidential Material to persons not authorized under this Order to receive such Confidential Material shall not be deemed a violation of this Order; provided, however, that the party making such disclosure shall notify the other party in writing of all persons to whom such disclosure was made and make reasonable efforts to retrieve the disclosed information.

21. This Protective Order shall survive the termination of this action.

22. This Protective Order is entered without prejudice to the right of any party to move the Court for modification of or relief from any of its terms.

Dated: September 14, 2007        By:   __/s/ Christopher M. Arena___
                                       Christopher M. Arena
                                       Georgia Bar No. 887755
                                       Woodcock Washburn, LLP
                                       2002 Summit Blvd. Suite 800
                                       Atlanta, GA 30319-6400
                                       (404) 459-5644
                                       (404) 459-4217 (fax)
                                       carena@woodcock.com

                                       Dale M. Heist (*Pro Hac Vice*)
                                       Erich M. Falke (*Pro Hac Vice*)
                                       Woodcock Washburn LLP
                                       Cira Center
                                       2929 Arch Street, 12th Floor
                                       Philadelphia, PA  19104-2891
                                       (215) 568-3100
                                       (215) 568-3439 (fax)

                                       Attorneys for Plaintiff
                                       Selex Communications, Inc.



                                 By:   __/s/ Cary Ichter _____
                                       Cary Ichter
                                       Georgia Bar No. 382515
                                       Thompson Hine LLP
                                       One Atlantic Center, Suite 2200
                                       1201 W Peachtree Street
                                       Atlanta, Georgia 30309-3449
                                       (404) 541 - 2900
                                       (404) 541 – 2905 (fax)


                                       James C. Yoon, Esquire (*Pro Hac Vice*)
                                       S. Michael Song, Esquire (*Pro Hac Vice*)
                                       Wilson Sonsini Goodrich & Rosati
                                       650 Page Mill Road
                                       Two Palo Alto Square
                                       Palo Alto, CA   94304
                                       (650) 493-9300

                                       Attorneys for Defendant, JAJAH, Inc.

**SO ORDERED** this <u>17</u> day of<u>   September, 2007               </u>   <u>        </u>,

             **BY THE COURT:**


             <u>/s/Thomas W. Thrash                         </u>
             United States District Court Judge

# APPENDIX A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| SELEX COMMUNICATIONS, INC. <br><br> a Delaware Corporation <br><br> Plaintiff, <br><br> v. <br><br> JAJAH, INC. <br><br> Defendant. | Civil Action No.: 1:07-cv-00813-TWT <br><br><br> **PROPOSED STIPULATED PROTECTIVE ORDER** |

**DECLARATION TO PROTECTIVE ORDER**

I, _____, represent that I have been provided with, and have read, the Protective Order entered in the above-captioned litigation, and that I will abide by its terms and conditions in handling designated Confidential Material, and will not disclose, except in accordance with terms of the Order, any information, materials or knowledge received in the course of my work in this matter that is subject to the terms of the Order.

I hereby submit to the jurisdiction of the Court for the purpose of ensuring compliance with this stipulated Protective Order. I declare under penalty of perjury that the foregoing is true and correct.

_____          _____
Date                                                             Signature

                                                                 _____
                                                                 Name

                                                                 _____
                                                                 Address